WEGENER v. BUTLER.

(City Court of New York, General Term.    March 17. 1893.)

ACTION FOR SERVICES—ISSUE AS TO CONTRACT—EVIDENCE.
    In an action for services and materials, where plaintiff relies on a written contract therefor, which he annexes to his complaint, and defendant alleges that this is not the contract actually made, but that another was entered into, which plaintiff failed to perform, it is error to exclude the contract which defendant claims to have been entered into, but both instruments should be submitted to the jury to determine which is the contract actually made.

Appeal from trial term.
Action by Theodore Wegener against James H. Butler.    From a judgment for plaintiff, defendant appeals.    Reversed.
Argued before EHRLICH, C. J., and FITZSIMONS, J.

A. G. Vanderpoel, for appellant.
William F. Browne, for respondent.

FITZSIMONS, J.    This is an action for services rendered and materials furnished under a written contract, and for extra work and materials.    The complainant relies upon a written contract, which he annexes to his complaint.    The defendant's answer, among other defenses, alleges that the contract set out by plaintiff is not the one actually made, but that another and different contract was entered into, and which was not performed by plaintiff.    Testimony was submitted by plaintiff tending to show that the contract depended upon by him was the contract made, and that its terms were substantially complied with.    Defendant, on his part, offered in evidence the contract which he contended was the one entered into, and it was excluded by the trial justice.
Certainly the first question for the jury to determine under the

issue herein was: What was the contract made between the parties hereto? Was it the one in evidence submitted by plaintiff or the one offered by defendant? To enable them to determine that question, both instruments should have been submitted to them, and it then would become their duty to determine, under the evidence, which one constituted the contract made. Therefore the exclusion of the written instrument offered by defendant was error, and for that reason the judgment herein must be reversed, with costs to appellant to abide event of action; and a new trial is ordered.